CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 03 2017
JULIA C. DUDLEY, CLERK
BY: HMcDonea
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. GORBEY, | ) Civil Action No. 7:16-cv-00581 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| WATERS, et al., | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Michael S. Gorbey[1], a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), by December 8, 2016. At the onset of the action, the court permitted Plaintiff to apply to proceed in forma pauperis but advised Plaintiff that such permission would be rescinded if Plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

Upon review of court records, it appears Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action. See Owlfeather-Gorbey v. Jackson, et al., No. 2:16-cv-00551, slip op. at 4 (E.D. Va. Sept. 22, 2016) (dismissed for failing to state a claim); Gorbey v. The State of Virginia, et al., No. 2:11-cv-00164, slip op. at 4 (E.D. Va. Mar. 17, 2011) (dismissed for failing to state a claim); Gorbey v. United States, et al., No. 2:08-cv-00121, slip op. at 3-4 (N.D. W. Va. July 7, 2010) (dismissed for failing to state a claim); see, e.g., Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, et al., No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012) (M.J., Seibert) (listing 25 cases that qualify as strikes); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a

---

[1] Plaintiff's other moniker is Michael Steven Owlfeather-Gorbey.

subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). See, e.g., Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting the prisoner must be seeking relief from and demonstrate a danger that is imminent at the time of filing the complaint); Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (noting the complaint must reveal a nexus between the imminent danger it alleges and the claims it asserts to qualify for imminent-danger exception). Plaintiff's complaint against the defendants concerns the alleged deprivation of a religious meal and the retaliation he suffered from complaining afterward. Plaintiff's repeated reliance on the phrase "imminent danger" is an invocation of a label and conclusion that is not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, Plaintiff may not rely on vague, speculative, or conclusory allegations to invoke "imminent danger," but instead, he must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006).

Accordingly, I dismiss the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint and dismiss all pending motions as moot. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not

2

required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

**ENTER**: This  3rd  day of ~~December, 2016.~~ Jan., 2017

*/s/ Jackson L. Kiser*
Senior United States District Judge